UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDOLPH J. DAVIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>INTERNAL REVENUE SERVICE, *et al.*,<br><br>　　　　Defendants. | Case No.  14-cv-01634-YGR<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION** |

　　　　On April 9, 2014, Plaintiff Rudolph Davis filed this action against the Internal Revenue Service, Charles Ramsey, and Does 1-100, seeking a declaration that he is an employee of Ramsey for tax purposes. (Dkt. No. 1).  Now before the Court are three motions:  Defendant the United States of America's[1] Motion to Dismiss (Dkt. No. 20), Plaintiff's Motion to Dismiss (Dkt. No. 24), and Plaintiff's Motion to Amend (Dkt. No. 25.)

　　　　Upon consideration of the arguments presented in the papers, relevant case law, and for the reasons set forth below,[2] the Court **GRANTS** Defendant's Motion to Dismiss for lack of jurisdiction. Plaintiff's Motions to Dismiss and Amend are **DENIED**.

**I.　BACKGROUND**

　　　　In his complaint, Plaintiff seeks a declaration that he is an employee, as opposed to an independent contractor, for tax purposes. (Dkt. No. 1.)  According to the complaint, prior to this

---

[1] Although not named in Plaintiff's complaint, the United States may properly respond in the place of the Defendant Internal Revenue Service.  *See Boyle v. I.R.S.*, 194 F.3d 1316 (9th Cir. 1999) (noting that suits against an agency are suits against the United States); *Belton v. Dep't of Veterans Affairs*, 107 F.3d 14 (9th Cir. 1997) ('Absent explicit language authorizing suit, a federal agency may not be sued in its own name.") (citing *Blackmar v. Guerre,* 342 U.S. 512, 514 (1952)).

[2] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument.

action, Plaintiff and Defendant Ramsey engaged in proceedings concerning this very question before the Labor Commission. (*See id*. at ¶¶ 10-14.) Ultimately, a Deputy Labor Commissioner returned a result adverse to Plaintiff; Plaintiff was determined to be an independent contractor and not an employee. (*Id*. at ¶¶ 10, 13, 18.) Although unclear from the complaint, it appears that Plaintiff filed an appeal, which has been stayed during the pendency of this action. (Dkt. No. 8-5, at ¶¶ 1-4.)

Following Defendant Ramsey's filing of a motion to dismiss (Dkt. No. 7), Plaintiff dismissed all claims as to Defendant Ramsey. (Dkt. No. 18.) The only remaining defendant at that point was the Internal Revenue Service/United States. On June 17, 2014, Defendant the United States of America filed a motion to dismiss, asserting lack of jurisdiction. (Dkt. No. 20.) Plaintiff failed to file an opposition to the motion, prompting this Court to issue an Order setting a new deadline for an opposition and informing Plaintiff that should he fail to oppose the motion, his case could be dismissed for failure to prosecute. (Dkt. No. 23.) Plaintiff has, to this date, filed no substantive opposition to the Government's motion. Rather, Plaintiff has filed his own "Request to Dismiss Without Prejudice," which seeks to dismiss Defendant the "Internal Revenue Service IRS (only)." (Dkt. No. 24.) Plaintiff also filed what appears to be a motion to amend his complaint to add a defendant, the "State of California, Department of Industrial Relations Division of Labor Standards Enforcement (Government Agency)." (Dkt. No. 25.)

Because the resolution of the Government's motion to dismiss bears on the remaining motions, the Court considers that motion first.

**II.    MOTION TO DISMISS FOR LACK OF JURISDICTION**

Plaintiff alleges that the Court has jurisdiction pursuant to 28 U.S.C. section 1331 (federal question jurisdiction) and the authority to issue declaratory relief pursuant to 28 USC section 2201, the Declaratory Judgment Act. In its motion, Defendant United States argues that the Declaratory Judgment Act does not provide jurisdiction in instances where the controversy concerns federal taxes. Despite the Court's previous order warning Plaintiff that failure to oppose could result in dismissal for failure to prosecute, Plaintiff has not responded substantively to Defendant's argument. Nonetheless, affording Plaintiff the leniency he is due as *pro se* litigant, the Court has examined Plaintiff's complaint and finds that there is no subject matter jurisdiction for this Court to preside over this claim.

Plaintiff's complaint, though not a model of clarity, appears to concern a controversy that relates to federal taxes and seeks a declaration concerning whether he is an employee or independent contractor for federal tax purposes. The Declaratory Judgment Act, however, expressly omits from its scope any matter "with respect to Federal taxes." *See Bob Jones University v. Simon*, 416 U.S. 725, 742 n.7, n.15 (1974). Accordingly, Plaintiff has not stated a basis for jurisdiction under the Declaratory Judgment Act, nor could the facts alleged ever state a claim for the declaratory judgment Plaintiff seeks. For this reason, Plaintiff's complaint is **DISMISSED**.

Having determined that this suit cannot proceed before this Court for lack of jurisdiction, Plaintiff's motions to dismiss and for leave to add a new defendant are **DENIED**. As an initial matter, Plaintiff's motion for leave to amend his complaint to add a new defendant was not accompanied by any proposed amended complaint, in violation of Civil Local Rule 10-1. More fundamentally, however, Plaintiff's substantive claim does not fall within this Court's jurisdiction; no amendment to add a party can overcome the limit as to the scope of the Declaratory Judgment Act. For the same reason, Plaintiff's motion to dismiss the Internal Revenue Service cannot save his claim. First, as noted above, the United States has appeared as a defendant to this action; dismissal of the Internal Revenue Service *only* will not have the effect of removing the United States as a defendant. Second, removing the Internal Revenue Service does not resolve the core jurisdictional problem.

### III.   CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss is **GRANTED.** Plaintiff's complaint is **DISMISSED** without leave to amend. Plaintiff's Motions to Dismiss and to Amend are **DENIED**.

The Clerk shall terminate the case and close the file.

**IT IS SO ORDERED**.

Dated: October 10, 2014

_____
YVONNE GONZALEZ ROGERS
United States District Judge